941 F.2d 1206
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Teddy L. CROWDER, Plaintiff-Appellant,
v.
SULLIVAN, Secretary of Health and Human Services, Defendant-Appellee.
 No. 90-2922.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 12, 1991.
Decided Sept. 4, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CA-89-539-2)
 H. John Taylor, L.C., Rand, W.Va., for appellant.
 Michael W. Carey, United States Attorney, Gary L. Call, Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before SPROUSE and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Teddy L. Crowder appeals from the district court's order upholding the Secretary's denial of Crowder's application for disability insurance benefits. Finding that substantial evidence supports the Secretary's decision, we affirm.
 
 
 2
 In concluding that Crowder was not disabled, the administrative law judge found that Crowder had severe, longstanding occupational limitations due to adult onset diabetes mellitus, exogenous obesity, hypertension, and chronic low back strain; that he retained the residual functional capacity to perform light through sedentary work; and that his residual functional capacity for at least unskilled, low stress light and sedentary work was not reduced by his pain, diabetic, hypertensive, psychiatric, and visual restrictions. Crowder maintains that the administrative law judge failed to give fair consideration to his psychiatric impairments and failed to adequately include those impairments in his hypothetical to the vocational expert.
 
 
 3
 The administrative law judge found that Crowder had a mild affective disorder which would not prevent him from performing low stress, entry level, repetitive type jobs. Crowder points to the opinions of Drs. Shah and Griffith in support of his claim that he suffers from disabling anxiety and depression. Other evidence, however, indicated that Crowder's alleged nervous condition was not significant enough to limit his daily activities, and that Crowder had sought little psychiatric treatment or medication. The record contains substantial evidence to support the administrative law judge's resolution of this issue.
 
 
 4
 The administrative law judge asked a vocational expert whether an individual with an eighth grade education, diabetes with mild retinopaty, controlled hypertension, arthritis in the lumbo sacral area of the spine with residual pain, obesity which did not restrict movement, anxiety, and nausea would be able to work. The vocational expert opined that the individual could perform light work unless the pain or anxiety was severe. Asked whether, with a limitation that the work should be low stress, simple, and routine, there were jobs available that the individual could perform, the vocational expert responded affirmatively. When asked by Crowder's attorney whether, also assuming frequent deficiencies in concentration, moderate limitation of ability to complete a normal workday and workweek without interruption from psychologically based syptoms, and moderate limitation of ability to perform at a consistent pace without an unreasonable number and length of rest periods, the individual would be able to perform the light work described, the vocational expert again responded in the affirmative. These hypotheticals were sufficient to cover the full range of Crowder's claimed disabilities.
 
 
 5
 Accordingly, we affirm the judgment of the district court upholding the denial of benefits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 6
 AFFIRMED.